FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 3:46 pm, Jul 31, 2020

# In the United States District Court for the Southern District of Georgia Brunswick Division

OWNERS INSURANCE COMPANY,

    Plaintiff,

    v.

ASHTON BRINKLEY; JARED SPELL;
VIOLET MARCHMAN; MICHAEL GLENN
WATERS; APPLING COUNTY SCHOOL
DISTRICT; DR. SCARLETT M.
COPELAND; DR. GENE A. STARR;
JAMES CAROL WATERS; and
WANDA L. WATERS,

    Defendants.

CV 2:19-107

## ORDER

Before the Court is Plaintiff Owners Insurance Company's ("Plaintiff") motion for summary judgment. Dkt. No. 40. Defendants have filed no opposition to the motion, and the time for doing so has long passed. For the reasons below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

Under Southern District of Georgia Local Rule 56.1, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." Defendants have not responded to Plaintiff's Statements of Undisputed Facts, dkt. no.

40-2. Thus, pursuant to Local Rule 56.1, these facts are deemed admitted for the purpose of Plaintiff's Motion for Summary Judgment.

Plaintiff issued a homeowners insurance policy to Defendant Violet Marchman (policy number 48-059-734-00) ("the Policy") with an effective policy period from July 8, 2014 through July 8, 2015. Dkt. No. 40-1 ¶ 1; Dkt. No. 1-2 at 6. The policy was issued and delivered to Marchman in Georgia; Marchman is a citizen of Georgia. Dkt. No. 40-1 ¶ 2; <u>see also</u> Dkt. No. 1-2 at 6. The Policy provides, in pertinent part:

> This policy applies to losses, **bodily injury, property damage** and **personal injury** which occur during the policy term shown in the Declarations.
>
> **Definitions**
>
> . . .
>
> **2.** **Bodily Injury** means physical injury, sickness or disease sustained by a person including resulting death of that person. **Bodily injury** does not include **personal injury**.
>
> **3.** **Business** means:
> **a.** any full or part time trade, profession or occupation;
>
> . . .
>
> **4.** **Incident** means an offense(s) committed by any **insured** resulting in **personal injury** and includes, as one incident, all continuous or repeated exposure to substantially the same generally harmful condition.
>
> . . .

8.   **Occurrence** means an accident that results in **bodily injury** or **property damage** and includes, as one **occurrence**, all continuous or repeated exposure to substantially the same generally harmful conditions.

9.   **Personal injury** means:
   a.   libel, slander or defamation of character;
   b.   false arrest, detention or imprisonment, or malicious prosecution;
   c.   invasion of privacy; or
   d.   wrongful eviction or wrongful entry.

   **Personal injury** does not include **bodily injury**.

**SECTION I – PROPERTY PROTECTION**

. . .

**SECTION II – PERSONAL LIABILITY PROTECTION**

1.   **COVERAGES**

   a.   **Coverage E – Personal Liability**
      (1) **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies. . . .

      (2) **We** will pay all sums any **insured** becomes legally obligated to pay as damages because of or arising out of **personal injury** caused by an **incident** to which this coverage applies.

      **We** will settle or defend, as **we** consider appropriate, any claim or **suit** for damages covered by this policy.  **We** will do this at **our** expense, using attorneys of **our** choice. This agreement to settle or defend claims or **suits** ends when **we** have paid the limit of **our** liability.

2.   **EXCLUSIONS**

    a.   **Coverage E – Personal Liability** and **Coverage F – Medical Payments to Others** do not apply:

       . . .

       **(10)** to **bodily injury** or **property damage** because of or arising out of the rendering of or failure to render professional services of any kind.

       . . .

       **(12)** to **bodily injury** or **property damage** reasonably expected or intended by the **insured**. This exclusion applies even if the **bodily injury** or **property damage** is of a different kind or degree, or is sustained by a different person or property, than that reasonably expected or intended.

    b.   **Coverage E – Personal Liability** does not apply:

       . . .

       **(7)** to **personal injury**:
          **(a)** in connection with any **business**, occupation, trade or profession;
            . . .

     . . .

5.   **CONDITIONS**

    . . .

    b.   **SUIT AGAINST US**

       **We** may not be sued unless there is full compliance with all the terms of this policy.

    . . .

**WHAT TO DO IN CASE OF LOSS**

. . .

2.   **PERSONAL LIABILITY PROTECTION**

In the event of **bodily injury**, **property damage** or **personal injury**, the **insured** must:

a.   notify **us** or **our** agency as soon as possible. The notice must give:
(1) your name and policy number;
(2) the time, place and circumstances of the **occurrence** or **incident**; and
(3) the names and addresses of injured persons and witnesses;

Dkt. No. 1-2 at 22-23; 39-42; 44-46.

On July 18, 2018, Defendants Ashton Brinkley and Jared Spell filed a lawsuit against Defendants Violet Marchman, Michael Waters, Appling County School District, Dr. Scarlett Copeland, Dr. Gene Starr, James Waters, Wanda Waters, and John/Jane Does Nos. One through Five. See Brinkley v. Waters, No. 2:18cv89 (S.D. Ga.) ("Underlying Lawsuit"). In the Underlying Lawsuit, Brinkley and Spell allege they were sexually molested by a teacher, Michael Waters, while they were students at Appling County High School. Dkt. No. 1-1 ¶ 56. They also allege that Marchman, who was a teacher at the school, was made aware that Michael Waters had sexually molested other students at the school and failed to report those allegations, even though she was "a mandatory reporter and an employee/agent of the Appling County School District," thus allowing Michael Waters to be free to molest other students. Id.

5

¶¶ 53-55. All of the claims against Marchman in the Underlying Lawsuit are premised upon her failure to report the allegations of molestation against her fellow teacher, Michael Waters. Id. ¶¶ 66-67; 81-87.

Brinkley and Spell allege Marchman's failure to report occurred during the 2014-15 school year. Id. ¶ 53. Plaintiff received notice of the claim(s) connected to the Underlying Lawsuit on or about October 1, 2018—approximately three to four years after the alleged incident—though Plaintiff does not specify the manner in which it received such notice. Dkt. No. 40-2 ¶ 12. Plaintiff then issued a letter to Marchman in which it provided notice of its reservations of rights to contest coverage for the claims asserted in the Underlying Lawsuit. Id. ¶ 13.

On September 5, 2019, Plaintiff initiated this action for a declaratory judgment that it has no duty to defend or indemnify Marchman or any other Defendant in the Underlying Lawsuit. Id. ¶ 14. Plaintiff contends the claims asserted and damages sought in the Underlying Lawsuit are expressly excluded from coverage under the terms of the Policy. Id.

Defendants Violet Marchman, Michael Waters, Appling County School District, Dr. Scarlett Copeland, Dr. Gene Starr, James Waters, and Wanda Waters were served with the complaint and summons in this action but failed to file a responsive pleading. Dkt. Nos. 13-18, 20. The Court entered default judgment against those

Defendants on March 3, 2020.  Dkt. No. 39.  Defendants Brinkley
and Spell were the only Defendants to file an answer, dkt. nos.
21, 22; however, they have made no further filings in this case.
Indeed, Defendants Brinkley and Spell have stipulated to the
following:

Defendants Brinkley and Spell do not contest any coverage
issues raised by Plaintiff in this action; they have no evidence
regarding whether the Policy provides coverage for the claims
asserted and damages sought in the Underlying Lawsuit; they consent
to be bound by the judgment of this Court and waive any further
appearance in this action; they have no responsibility for any
damages, costs or fee awards that may arise from this action; they
and Plaintiff shall bear their own attorneys' fees and expenses.
Dkt. No. 40-1 at 2-3.

## LEGAL AUTHORITY

Summary judgment must be granted when the record shows "that
there is no genuine dispute as to any material fact and the movant
is entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(a). In seeking summary judgment, the moving party bears the
initial responsibility to demonstrate that there is no genuine
issue as to any material fact and that summary judgment is
appropriate.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157
(1970); Allen v. Bd. of Public Educ., 495 F.3d 1306, 1313 (11th
Cir. 2007).  "Only when that burden has been met does the burden

7

shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

When evaluating the merits of a motion for summary judgment, the court must view all evidence and factual inferences raised by the evidence in the light most favorable to the non-moving party and resolve all reasonable doubts concerning the facts in favor of the non-moving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999) (citation omitted). The Court is not permitted to make credibility determinations, weigh conflicting evidence to resolve disputed facts, or assess the quality of the evidence. Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008).

A fact is material if proof of its existence or nonexistence would affect the outcome of the case under controlling substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Additionally, an issue of fact is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. Id. An issue of fact is not genuine if it is unsupported by evidence or if it is created by evidence that is "merely colorable" or "not significantly probative." Id. at 249–50. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247–48.

8

Where a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Even when a summary judgment motion is entirely unopposed, the district court still must consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988). Accordingly, the court must review the evidentiary materials submitted in support of the motion and "determine whether they establish the absence of a genuine issue of material fact." United States v. One Piece of Real Prop., 363 F.3d 1099, 1102 (11th Cir. 2004).

## DISCUSSION

### I.   Introduction

Plaintiff has filed this action seeking a declaratory judgment from the Court that it has no obligation under the Policy to defend or indemnify Defendants for any claims or subsequent damages in the Underlying Lawsuit.  A declaratory judgment action involving interpretation of an insurance policy implicates contract law.  Rothell v. Continental Cas. Co., 402 S.E.2d 283, 284 (Ga. Ct. App. 1991).  Because the Policy was made and delivered in Georgia, Georgia contract law applies.  Rayle Tech, Inc. v.

9

DEKALB Swine Breeders, Inc., 897 F. Supp. 1472, 1475 (S.D. Ga. 1995), aff'd, 133 F.3d 1405 (11th Cir. 1998).

"The critical issue in a declaratory judgment action to determine the parties' obligations with respect to a liability insurance policy is whether the underlying suit alleges a claim that is covered by the policy." State Farm Mut. Auto. Ins. Co. v. Myers, 728 S.E.2d 787, 788 (Ga. Ct. App. 2012). "[T]he duty to defend is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to [in order] to determine whether a liability covered by the policy is asserted." Great American Ins. Co. v. McKemie, 259 S.E.2d 39, 40-41 (Ga. 1979). If the complaint against the insured does not assert any claim that could fall within the policy's coverage provisions, the insurer is justified in refusing to defend. Travelers Prop. Cas. Co. of Am. v. Kansas City Landsmen, L.L.C., 592 F. App'x 876, 882 (11th Cir. 2015). "If there is no duty to defend, there is no duty to indemnify." Nat'l Cas. Co. v. Pickens, 582 F. App'x 839, 841 (11th Cir. 2014) (applying Georgia law). Finally, where the terms are clear and unambiguous, and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent. Park 'N Go v. U.S. Fidelity, 471 S.E.2d 500, 503 (Ga. 1996).

## II.  Policy Exclusions

Plaintiff's various arguments against coverage focus on the terms of the Policy itself, i.e. the Policy exclusions.  Plaintiff argues (1) there is no coverage for "bodily injury" because any such claims are excluded from coverage by operation of the professional services exclusion; (2) there is no coverage for "bodily injury" because any such claims did not arise from an "occurrence"; (3) there is no coverage for "personal injury" because any such claims are excluded from coverage by operation of the business pursuits exclusion; and (4) there is no coverage for any claims because Marchman breached the Policy's notice provision, which is a precedent to coverage.  Dkt. No. 40 at 8-16.

### A. Bodily Injury and the Professional Services Exclusion

In the Underlying Lawsuit, the damages sought from Marchman, "a mandatory reporter and employee/agent of the Appling County School District," arise from her alleged failure to report specific allegations that Michael Waters was sexually assaulting students.  Dkt. No. 1-1 ¶¶ 53-54.  As a teacher, Marchman had an affirmative duty to report any allegations of sexual assault, and she allegedly breached this duty by failing to report the allegations concerning Waters.  As a result, Brinkley and Spell allege they were subjected to further abuse by Waters.

11

Under the Georgia Professional Standards Act, the Georgia General Assembly has acknowledged that teachers perform a professional service. O.C.G.A. § 20-2-982.1(9) (defining "teaching" as "any professional service rendered or performed by an educator"). As a teacher, Marchman had an affirmative duty under Georgia law to report suspected child abuse. O.C.G.A. § 19-7-5(c)(1)(H).

The Policy excludes coverage for "bodily injury . . . because of or arising out of the rendering of or failure to render professional services of any kind." Dkt. No. 1-2 at 41. While "not every action a professional takes will come within the exclusion, . . . the proper inquiry is whether he should have drawn upon that knowledge, experience, and training." Auto-Owners Ins. Co. v. State Farm Fire & Cas. Co., 678 S.E.2d 196, 201 (Ga. Ct. App. 2009). In this case, Marchman should have. Her alleged failure to report allegations of sexual abuse clearly fall within the definition of "professional services." Thus, the Court finds that any claims for bodily injury in the Underlying Lawsuit are excluded from coverage under the Policy.

### B. Personal Injury and the Business Pursuits Exclusion

The Policy excludes coverage for "personal injury . . . in connection with any business, occupation, trade or profession." Dkt. No. 1-2 at 42. As discussed above, all of the claims asserted against Marchman in the Underlying Litigation arise directly from

12

her employment as a teacher and are predicated upon her alleged failure to report allegations of sexual abuse, which she was legally obligated to do in her professional capacity. Thus, the Court finds that any claims for personal injury in the Underlying Lawsuit are excluded from coverage under the Policy.

Moreover, because the Court finds that the professional services and business pursuits exclusions preclude coverage for all claims asserted in the Underlying Lawsuit, the Court need not reach Plaintiff's remaining arguments. Plaintiff is accordingly not obligated to defend Marchman in the Underlying Lawsuit or indemnify any damages resulting therefrom.

### III. Attorneys' Fees and Punitive Damages

Finally, because the claims in the Underlying Lawsuit are excluded by the terms of the Policy, there can be no coverage for attorney's fees or punitive damages. See Bituminous Cas. Corp. v. N. Ins. Co. of New York, 548 S.E.2d 495, 496 (Ga. Ct. App. 2001) (holding that because insurer was not required to defend against action on loss excluded under policy, attorneys' fees and litigation expenses were not recoverable). Furthermore, the language of the Policy precludes coverage for punitive damages, as well. See Grain Dealers Mut. Ins. Co. v. Pat's Rentals, Inc., 505 S.E.2d 729, 730 (Ga. 1998) (concluding that a policy did not cover punitive damages because it contained language similar to the language contained in the Policy at issue in this action).

13

**CONCLUSION**

For the above reasons, Plaintiff's motion for summary judgment, dkt. no. 40, is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment against Defendants Brinkley and Spell and **CLOSE** this case.


**SO ORDERED**, this 31st day of July, 2020.


_____

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

14